# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re Struemke Enterprises, LLC,

_____

United States,

                               Counterclaimant and
                               Cross-claim Plaintiff,

                v.                                              **MEMORANDUM OPINION
                                                                     AND ORDER**
                                                                     Civil No. 13-1699 ADM/JSM

Struemke Enterprises, LLC,
Charles Struemke, Ricarda
Struemke, Otago, Inc., and CIT
Small Business Lending Corporation,

                               Defendants.

_____

Erin Lindgren, Esq., United States Department of Justice Tax Division, Washington, DC, on
behalf of Plaintiff.

Charles Struemke, pro se.

_____

## I. INTRODUCTION

On June 16, 2014, the undersigned United States District Judge heard oral argument on
the United States' Motions for Summary Judgment and for Default Judgment against Defendants
CIT Small Business Lending Corporation, Otago, Inc., and Struemke Enterprises, LLC [Docket
Nos. 50-53].  In addition, Charles Struemke appeared pro se to argue his Motion for Release of
Funds [Docket No. 42].  Following the hearing, on July 22, 2014, Struemke filed a Motion to
Dismiss [Docket No. 69].  For the reasons set forth below, the United States' motions are granted
and Struemke's motions are denied.

## II.  BACKGROUND

Struemke Enterprises, LLC (a Wisconsin LLC) ("Struemke Enterprises") as seller and

Otago, Inc. (a Minnesota corporation) ("Otago") as buyer entered into a Business Sale

Agreement in November 2002.  Not. of Removal [Docket No. 1] at 10.  Pursuant to that

Agreement, and a subsequent agreement dated February 7, 2003, Otago's attorney Daniel Trost

deposited $32,056.55 into his firm's trust account.  Id. Ex. 1 (State Court Pet.).  The February 7,

2003 Agreement provided as follows:

> [T]hese funds shall be paid from the sums due from [Otago] into the Trust Account
> of Schreiber & Jarstad, Daniel R. Trost, Attorney for [Otago], to be held pending
> resolution of the <u>Federal Tax Lien</u> recorded with the Minnesota Secretary of State's
> Office as Document #410140030. Said amount shall be held in said Trust Account,
> bearing no interest until:
>
> 1.      Written agreement of the parties directing its disbursement; or
> 2.      A valid court order directing its disbursements; or
> 3.      [Struemke Enterprises] establishes a valid interest bearing escrow account
>         subject to the disbursement limitation set forth in (1) and (2) above.

Id. (emphasis added).

On May 13, 2013, Trost petitioned to have the funds deposited with the Wabasha County

District Court, stating that: no agreement had been reached between Struemke Enterprises and

Otago regarding disbursement of the funds; Struemke Enterprises had been administratively

dissolved on May 12, 2010; the IRS Lien Unit had contacted Trost twice claiming an interest in

the funds; and CIT Small Business Lending Corporation had also contacted Trost asserting an

interest in the funds.  Id.  William Struemke,[1] the son of Charles and Ricarda Struemke—owners

---

[1] William Struemke is an attorney licensed to practice in Wyoming.  Order, November
25, 2013 [Docket No. 33].  William Struemke moved for special permission to appear on behalf
of Charles and Ricarda Struemke and Struemke Enterprises, LLC.  Mot. for Special Permission
to Practice [Docket No. 32].  The District Court denied this request, finding that Mr. Struemke

of Struemke Enterprises—had also contacted Trost about the funds.  Id. at 6.  The state district court accepted custody of the funds.  Id. at 4.

The United States removed the matter to federal district court because the IRS was named as a party in interest and because the United States claimed a lien on the funds deposited with the state court.  Id. at 2.  On July 11, 2013, the United States moved to transfer the funds from the state district court to the Clerk of Court for the District of Minnesota [Docket No. 6].  This Court granted that motion on July 22, 2013 [Docket No. 8].

In a pleading filed on July 29, 2013, the United States seeks an order of foreclosure on the interpled funds, claiming the administratively dissolved entity, Struemke Enterprises, owed the United States for unpaid federal employment taxes.  United States' Answer to the Interpleader Pet. and Countercl./Cross-Cl. [Docket No. 9] 2-8.  Struemke Enterprises, Charles Struemke, Ricarda Struemke, Otago, and CIT Small Business Lending Corporation were named as counterclaim and cross-claim defendants.  Id.

On November 6, 2013, the United States applied to the Clerk of Court's office for entry of default against Struemke Enterprises [Docket No. 23].  In support of its application, the United States submitted the declaration of Erin Lindgren, an attorney from the Tax Division of the Department of Justice.  Id. Ex. 1 (Decl. of Erin Lindgren).  Lindgren stated that "Struemke Enterprises, LLC has failed to plead or otherwise defend against the United States' counterclaims/cross-claims within the time allowed and it is therefore now in default."  Id. at ¶ 6.  This pleading was docketed at 10:31 a.m. on November 6, 2013.

---

did not describe any circumstances that justified the circumvention of Local Rule 83.5(d) for bar admission.  Order, Nov. 25, 2013.

Also November 6, 2013, the Clerk's Office received a pleading captioned "Struemke Enterprises, LLC; Charles Struemke; Ricarda Struemke Answer to United States Counterclaim and Cross-Claim for an Order of Foreclosure on Interpled Funds" [Docket No. 24].  In this Answer, Struemke Enterprises, Charles Struemke and Ricarda Struemke asserted that the funds at issue "were for the express purpose of taking care of any tax liability of Struemke Enterprises for the sale of Subway of Redwing to Otago, Inc.  At this time any funds are to be used for that express purpose with the remaining funds returned to Struemke Enterprises, or as it is dissolved to Charles and Ricki Struemke."  Id. at ¶ 7.  The signature blocks on this pleading were for "Charles Struemke[,] Struemke Enterprises LLC" and "Ricarda Struemke[,] Struemke Enterprises LLC."

The Clerk of Court entered default against Struemke Enterprises on November 7, 2013 [Docket No. 26].

On November 15, 2013, the United States filed a motion to strike the Answer filed on behalf of Struemke Enterprises.  The United States argued that the Answer filed by Struemke Enterprises was improper because an entity may not appear in federal court without legal representation, and the Struemkes, who are not lawyers, were not authorized to file an answer on behalf of Struemke Enterprises.  United States' Mot. to Strike Answer [Docket No. 29] at 1, 3.

The Struemkes responded, stating that the only two members of Struemke Enterprises, LLC were Ricarda Struemke and Charles Struemke and that the funds at issue "would have been returned to Charles and Ricarda Struemke" because of the dissolution of the LLC on May 12, 2010.  Answer to Mot. to Strike [Docket No. 36].  The Struemkes also argue: (1) the LLC has no assets; (2) the Struemkes lack the resources to retain an attorney to respond on behalf of the

LLC; and (3) if the Court grants the United States' motion and a default is taken against the LLC, the result will be the same as if a default was taken against the Struemkes and the United States would "be able to win against them as an LLC and seek money from them as individuals without having to win against them as individuals." Id. at 2-3.  The Struemkes admit that they are not attorneys.  Id. at 2.  The response was signed by "Charles Struemke Struemke Enterprises LLC" and "Ricarda Struemke Struemke Enterprises LLC."  Id. at 3.

On March 17, 2014, Magistrate Judge Janie S. Mayeron granted the United States' motion to strike the Answer filed on behalf of Struemke Enterprises, but stayed her order for thirty days to permit Struemke Enterprises to obtain counsel.  Order, March 17, 2014 [Docket No. 41] at 1.  Judge Mayeron warned that Struemke Enterprises requires representation by counsel and if Struemke Enterprises did not obtain counsel, the United States could renew its request for default at that time.  Id. at 1, 7 (citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed pro se"); and United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) (per curium) (same)).

Struemke Enterprises has not retained counsel.  On April 22, 2014, Charles and Ricarda Struemke filed a "Motion for Release of Funds" [Docket No. 42].  Despite Judge Mayeron's ruling, the Struemkes again signed their filing on behalf of Struemke Enterprises.  The motion for release of funds requests the Court release those portions of the funds that are over and above the amount claimed by the government's tax lien, which the Struemkes claim is no more than $12,881.21.  Also on April 22, 2014, the United States applied to the Clerk of Court for an entry of default as to Otago, Struemke Enterprises, and CIT Small Business Lending Corporation

[Docket No. 44].  On April 23, 2014, in accordance with Judge Mayeron's Order, the Clerk of Court filed Entry of Default as to these parties [Docket No. 47].

The United States now requests entry of Default Judgment.  At the June 16, 2014 hearing on the above matters, the only parties to appear were the United States Department of Justice Tax Division, represented by Erin Lindgren, and Charles Struemke, appearing pro se.  At the hearing, the Court reminded Struemke that he could only represent himself, not Struemke Enterprises.  The Court also stated that beyond the motion for release of funds, neither the Struemkes nor any of the other cross defendants had filed any supporting legal memoranda in opposition or response to the United States' motions.  Struemke claimed that he had filed a response, but was unsure why the Court did not have it.  The Court allowed Struemke one week to file the response he claimed to have, emphasizing that if counsel was not obtained for Struemke Enterprises the response would be considered on his own behalf only.  On June 30, 2014, Struemke filed a response.  No legal representation was entered for Struemke Enterprises.

### III.  DISCUSSION

**A.  Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The United States Supreme Court, in construing Federal Rule 56(c), stated in Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

On a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). However, the nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. Cnty. of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.  Tax Liability**

"Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous."  N.D. State Univ. v. United States, 255 F.3d 599, 603 (8th Cir. 2001).

On April 25, 2005, a delegate of the Secretary of the Treasury made an assessment, in the amount of $5,595.52, against Struemke Enterprises for Form 940 unemployment (FUTA) taxes, plus interest and penalties, for tax year 2002.  See Statement of Fact in Supp. of Mot. for Summ. J. [Docket No. 55] at 5, ¶ 18.  To establish Struemke Enterprises' outstanding 2002 FUTA tax liability, the United States submitted a certified record of Assessments, Payments, and Other Specified Matters (IRS Form 4340) and the declaration of Revenue Officer Advisor Deborah A. Olson.  See id. at 4-5, ¶¶ 16-23.  Certified copies of Certificates of Assessment and Payments "are sufficient proof, in absence of contrary evidence, of adequacy and propriety of notices and assessments."  United States v. Downing, 66 F. App'x 83, 84 (8th Cir. 2003).

To refute the validity of an IRS assessment, the taxpayer must set forth evidence that the assessment is erroneous.  See N.D. State Univ., 255 F.3d at 603.  The Struemkes lack standing to challenge Struemke Enterprises' tax liability because they are not the corporate taxpayer.  See Graham v. United States, 243 F.2d 919, 922 (9th Cir. 1957) ("[O]nly the taxpayer may question

7

the assessment for taxes."); see also United States v. Formige, 659 F.2d 206, 208 (D.C. Cir.

1981).  Only Struemke Enterprises, represented by counsel, may challenge the validity or

amount of the 2002 FUTA tax assessment.  Struemke Enterprises has not retained counsel and

has not made an appearance in this case, and so the Clerk of Court properly entered a default

against the entity.

The Struemkes, as individual claimants representing themselves, have introduced no

evidence that they are entitled to Struemke Enterprises' funds before the United States collects

the amount of taxes due.  Instead, the Struemkes allege that, when Struemke Enterprises

dissolved, "any money held for [Struemke Enterprises] reverted back to Charles and Ricarda

Struemke."  See Resp. [Docket No. 65] at 1.  The Struemkes cite no legal authority for their

argument.  The Struemkes' opinion that the interpled funds belong to them is insufficient to

overcome the language of Struemke Enterprises' February 2003 agreement with Otago, which

establishes that the funds were held in trust for Struemke Enterprises' benefit for the purpose of

paying its obligations under the federal tax lien.

Since Struemke Enterprises has not made a legal appearance in this case and since the

funds were explicitly reserved for the paying of taxes, the United States is entitled to a default

judgment against Struemke Enterprises and summary judgment against the Struemkes.

**C.  Assessment**

The ten-year federal statute of limitations for collection on Struemke Enterprises'

employment tax debts for 1999, 2000, and 2001 has expired, and the IRS has abated these

liabilities.  Decl. Deborah A. Olson [Docket No. 57] ¶ 5.  Struemke Enterprises, however,

remains indebted to the United States for unpaid Form 940 unemployment (FUTA) taxes for

2002.  Id. ¶ 6.  On April 25, 2005, a delegate of the Secretary of the Treasury made an

assessment, in the amount of $5,595.52, against Struemke Enterprises for Form 940 FUTA taxes,

plus interest and penalties, for tax year 2002.  Id. ¶ 7.

Despite notices and demands for payment of the outstanding 2002 FUTA liability,

Struemke Enterprises has failed to pay the assessed liability.  Therefore, Struemke Enterprises

remains indebted to the United States for the unpaid balance of this liability, plus statutory

additions including interest that have accrued from the date of assessment.  Id. ¶¶ 10-11.  As of

June 30, 2014, the balance due on the federal tax lien at issue is $13,234.27.[2]  Decl. Roger J.

Olsen [Docket No. 63] ¶¶ 4-5.

**D.  Other Parties and Motions**

In addition to Struemke Enterprises, entries of default were recorded by the Clerk of

Court against Otago and CIT Small Business Lending Corporation.  Because neither of these

entities has appeared or asserted a claim in this interpleader case, the United States' motions for

default judgment against them are granted.  Therefore, Otago, CIT Small Business Lending

Corporation, and Struemke Enterprises no longer have any right, title, claim to, or interest in the

interpled funds.

**E.  Remaining Funds**

Because the Struemkes' motion to release funds in the amount of $19,175.34 would

deprive the United States of the taxes to which it is entitled, the Struemkes' motion is denied.

But, as the only remaining parties with an interest in the interpled funds and in accordance with

---

[2] The balance due on this liability accrues interest as a matter of law, I.R.C. § 6601, and is compounded daily, I.R.C. § 6622(a).

the February 2003 agreement, the Court shall disburse to the Struemkes the funds remaining after satisfaction of the tax lien.

## F.  Remaining Issues

Following the United States' Reply [Docket No. 66] to the motion for summary judgment, the Struemkes filed two documents, one entitled "Objection to Request for Additional Time/Motion" [Docket No. 68] and the other "Motion to Dismiss/General" [Docket No. 69]. Both documents continue to confuse and combine the Struemkes' interests with those of Struemke Enterprises.  The filings will not be considered as filings on behalf of Struemke Enterprises.  Further, neither document was filed according to the Federal Rules of Civil Procedure.

The motion to dismiss also appears to be predicated on further misunderstandings.  The Struemkes request dismissal because the United States asked for an extension of time for its reply and because the United States' evidence of a claim for the interpled funds is based on its lien.  The Court granted the United States its requested extension of time, and the grant of the request is not grounds for dismissal.  And, as discussed above, the Struemkes do not have standing to challenge the federal tax lien.  The Struemkes' motions are therefore denied.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The United States' Motions for Summary Judgment and Default Judgment against CIT Small Business Lending Corporation, Otago, Inc., and Struemke Enterprises, LLC [Docket Nos. 50-53] are **GRANTED**;

2.     **JUDGMENT** is entered in favor of the United States;

3.     The United States has valid and subsisting federal tax liens that, pursuant to 26 U.S.C. §§ 6321 and 6322, arose at the time of the federal tax assessments described in the Government's cross-claim and attached at the time of assessment to all property and rights to property held by Struemke Enterprises, LLC, including the funds interpled.

4.     The United States' liens are foreclosed against the interpled funds, and the funds shall be distributed as follows:

    a.     To the United States for $13,234.27, plus interest accrued as a matter of law under I.R.C. § 6601, which is compounded daily under I.R.C. § 6622(a), since June 30, 2014;

    b.     To Charles and Ricarda Struemke for the remaining amount of the interpled funds;

5.     Charles and Ricarda Struemke's Motion for Release of Funds [Docket No. 42] and Motion to Dismiss [Docket No. 69] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 18, 2014.